203 P.2d 1007

**MILLER v. STATE et al.**

No. 7491.

Supreme Court of Idaho.

March 9, 1949.

Paul C. Keeton, of Lewiston, and Walter M. Oros, of Boise, for appellant.

Robert E. Smylie, Atty. Gen., John A. Carver, Jr., Asst. Atty. Gen., and Glenn A. Coughlan, Asst. Atty. Gen., for respondents.

SUTTON, District Judge.

January 13, 1947, and for some four years prior thereto, the appellant was and had been employed by the State of Idaho, Bureau of Highways, at Lewiston, Idaho. On that day he was injured by accident arising out of his employment. January 23, 1947, he made and filed his notice of injury and claim for compensation wherein the cause of injury was described as "Lifting buckets of drill bits for shipping and strained back", and wherein the nature and extent of the injury is described "Lower back, strained." The employer acknowledged liability, and, March 20, 1947, the appellant, the employer, and the State Insurance Fund as Surety, entered into a compensation agreement by which appellant was paid for six weeks total disability and was allowed the cost of his medical care, which agreement was approved by the Industrial Accident Board and thereby became an award April 7, 1947.

Thereafter and on or about March 8, 1948, the appellant made a claim that as a result of the accident of January 13, 1947,

he had suffered a hernia, and such proceedings were thereafter had as resulted in a hearing on the claim for disability in June, 1948, following which the Industrial Accident Board made findings of fact and rulings of law, and entered an order denying appellant compensation on account of the hernia. And from this order and these findings and conclusions this appeal is prosecuted. The appellant makes six specifications of error. Specifications numbered 1 and 2 attack the findings of the Board numbered VII and VIII, respectively. The other four specifications in effect charge that the Board erred in failing to find and rule that claimant sustained a compensable hernia and as a result thereof was totally disabled from and after March 20, 1947, except for four months between that date and December 24, 1947.

Findings of Fact Nos. VII and VIII made by the Board are as follows:

"VII. Claimant's oral testimony with respect to the appearance of hernial symptoms at any time prior to or during treatment for his wrenched back are completely negatived by the documentary record and the attending physician's testimony.

"VIII. The Board finds that claimant's hernia did not appear suddenly and immediately following the accident, that the hernia was not reported to the employer within 30 days after the accident, that the hernia did not appear prior to sometime in May, 1947, and that there was no causal relation between the accident and the hernia."

Finding No. VII would appear to be in the nature of an inducement to Finding No. VIII, and the two findings in reality are one; and unless the appellant's assignments of error directed at this finding of the Industrial Accident Board can be sustained, the other assignments of error fall of their own weight.

Before discussing the findings and the evidence upon which they are based, it is well to take note that it has long been settled in this jurisdiction that in compensation cases the claimant has the burden of proving his case by a preponderance of the evidence; that the credit and weight to be given to the testimony of Industrial Accident proceedings is for the Industrial Accident Board; that the Board's findings are conclusive upon appeal if supported by competent evidence; and that this court's jurisdiction is limited to determining questions of law. Benson v. Jarvis, 64 Idaho 107, 127 P.2d 784, and the authorities there cited. It has likewise long been established as the law of Idaho that an employee who seeks compensation because of hernia must prove that it resulted from an accident arising out of and in the course of his employment; that it appeared suddenly and immediately following the accident; that it did not exist in any degree prior to the injury by accident for which compensation is claimed; and that it was reported to the employer within thirty days after the acci-

dent. Sec. 43-1116, I.C.A.; Johnson v. Green, 64 Idaho 1, 127 P.2d 770.

Without attempting to quote either the oral or documentary evidence, it may be conceded for the purpose of this case, that upon the hearing the appellant and his witnesses produced oral evidence which, had it been accepted by the Industrial Accident Board, would have been sufficient to sustain a finding by the Board to the effect that claimant had suffered a compensable hernia. But in addition to this oral evidence there was also before the Board the written statements of the appellant heretofore mentioned and a report by Dr. E. L. White under date of February 10, 1947, wherein appears the following question and answer: "Give an accurate description of the nature and extent of the injury. Wrenched back," and also the following: "State, in patient's own words, cause of and how accident occurred Lifting iron in and out of pick-up hurt back"; and a further report signed by Dr. White under date of March 12, 1947, in which the following appears: "Give an accurate description of the nature and extent of the injury Injury to back Wrenched back." There was also before the Board a hernia report made by the appellant under date of March 8, 1948, wherein in answer to the question "When did you first notice the hernia?" the claimant and appellant said "in May, 1947." There was also a letter dated March 17, 1948, addressed to the Industrial Accident Board by the claimant and appellant wherein he states "this hernia appeared in June of 1947." Thus it will be seen there was a direct conflict between the claimant's oral testimony at the hearing and his written statements made from time to time between the date of the accident and the time of the hearing as to when the hernia did appear. The Industrial Accident Board resolved this conflict against the claimant and found that the hernia did not appear suddenly and immediately following the accident, and that it did not appear prior to sometime in May, 1947. In the language of the late Justice Ailshie in his special concurring opinion in Johnson v. Green, supra, [64 Idaho 1, 127 P.2d 772] "Under these circumstances, I am not able to say there is *no evidence sufficient* to sustain the Board's order."

Since the findings of the Board in the particulars last above mentioned are sustained by the record, the order appealed from must be affirmed.

HOLDEN, C. J., GIVENS and PORTER, JJ., and SUTPHEN, District Judge, concur.