208 P.2d 167

HERMAN v. COEUR D'ALENE HARD-WARE & FOUNDRY CO. et al.

No. 7493.

Supreme Court of Idaho.

June 29, 1949.

424

Frank L. Benson, Boise, Pete Leguineche, Boise, for appellant.

Chas. E. Horning, Wallace, for respondents.

KEETON, Justice.

Appellant, on the 25th of February, 1942, in the course of his employment, while employed by respondent Coeur d'Alene Hardware & Foundry Company, accidentally stepped into a ladle holding molten iron and suffered burns on the right foot and ankle. At the time of his injury he was a single man, twenty-one years of age, earning an average wage of $34.50 per week. Notice of the injury as required by law was given and the claimant was hospitalized from the time of the injury to June 4, 1942, and was discharged as surgically healed and from further medical observation on August 19, 1942.

On March 3, 1947, appellant filed a petition alleging the jurisdictional facts and that "claimant was partially disabled for work from April, 1944, to the present time" and in an amended petition alleged claimant "was disabled from work either totally or partially from June 3, 1942 to April, 1944, and from April, 1944, to the present time", and further alleged that appellant "has a permanent injury to his right leg for which he is entitled to compensation under Section 43-1113, I.C.A. in addition to all other compensation."

Respondents answered the petition, admitted payment for the total temporary disability; admitted that further and additional compensation had not been paid and denied that appellant suffered any permanent partial disability.

On the issues the matter was heard by the Industrial Accident Board on June 23, 1948, and among other things the Board found that claimant was able to and did return to work for the same employer on June 4, 1942, at the same wages he had been receiving at the time of his accidental injury; that the claimant has worked continuously either on his former job for the same employer or on other jobs for other persons and at all times from June 3, 1942 has been continuously employed at wages equal to or in excess of the wages which he was earning at the time of the injury complained of, and further that the injury complained of has not in any way lessened his ability to work either at the employment which he had prior to his injury or any other job on

which he has been employed, or in any way lessened or affected his earning capacity.

Work done by appellant subsequent to June 3, 1942, consisted of work in the same employment in which he was engaged when injured, sawing logs in the woods, driving a truck, operating a bulldozer and operating a power shovel. On the latter job appellant testified he received $1.70 an hour, working eight hours a day, six days a week.

Appellant suffered the loss of no member of the body for which a specific indemnity is provided. He claimed he suffered a residual partial permanent physical impairment as a result of the injury, which in his testimony he described as an irritation which prevented him from standing on his right leg, and made him want to keep on the move, and a tendency of the skin to bruise easily, and a burning stinging sensation.

Examination of the appellant disclosed a scar on the lower part of the right leg and foot involving the ankle area. Medical testimony introduced by appellant was in conflict with medical testimony introduced by respondent.

On conflicting evidence the Board found "the claimant (appellant) is entitled to an award against defendants (respondents) on account of his residual partial permanent disability equivalent to ten percent of the loss of the leg between the knee and the ankle" and awarded appellant a recovery based on such findings.

Appellant filed a petition for rehearing which the Board denied. The employee appealed from the findings of facts, rulings of law and award and order.

Appellant's seven assignments of error, for the purpose of discussion, may be grouped under three general heads. The first five assignments go to the general proposition that the amount of the award is insufficient and should be increased. The sixth is directed against a ruling as to the admissibility of evidence, and the seventh complains of the action of the Board in not of its own motion obtaining corroborative or other evidence in furtherance of appellant's claim.

Dr. Jerome K. Burton in answer to hypothetical questions fixed the disability of claimant at a higher percentage than that allowed by the Board. Dr. Fitzgerald, who treated the claimant at the time of his injury testified on behalf of the respondents that there was no partial permanent disability. The Board also examined the injury to the appellant, and on all the evidence made the findings above referred to, that claimant's partial permanent disability was equivalent to ten percent of the loss of the leg at the ankle.

In reviewing decisions of the Industrial Accident Board appellate jurisdiction of the Supreme Court is limited to a review of questions of law. Art. V, § 9, Idaho Constitution, Sec. 72–608, Idaho Codes.

Sec. 72–609, Idaho Codes provides:

"Upon hearing the court may affirm or set aside such order or award, but may set

it aside only upon the following grounds, and shall not set the same aside on any other or different grounds, to-wit:

" (a) That the findings of fact are not based on any substantial, competent evidence.

" (b)  *  *  *

" (c)  *  *  *

"(d)  *  *  * "

■ Where there is substantial, competent evidence to support the findings of the Industrial Accident Board, even though the evidence is conflicting, the findings will not be disturbed on appeal. Cole v. Fruitland Canning Ass'n, 64 Idaho 505, 521, 134 P.2d 603; Golay v. Stoddard, 60 Idaho 168, 173, 89 P.2d 1002; Knight v. Younkin, 61 Idaho 612, 621, 105 P.2d 456; Watkins v. Cavanagh, 61 Idaho 720, 107 P.2d 155; Bower v. Smith, 63 Idaho 128, 118 P.2d 737; Johansen v. Ferry-Morse Seed Company, Idaho, 206 P.2d 545.

■ In the present case there is substantial competent evidence to support the findings of the Board. To hold otherwise would do violence to a long line of authorities holding that the findings of the Board on a conflict of evidence will not be disturbed by the Supreme Court on appeal.

About two years after the accident appellant was called for induction (we assume he meant induction into the armed forces of the United States) and was examined and rejected in 1944. In answer to a question appellant answered "So far as I know I was turned down because of this leg". The answer was by the Board stricken.

■ It is apparent from the answer that the appellant did not know the reason for the rejection and the striking of the answer was not error.

The extent of disability needed to reject an inductee is not shown and appellant was not even sure that the injury was the reason for the rejection.

Appellant further claims that appellant having testified that he was examined by fifteen or eighteen unnamed doctors when called for induction, that it was the duty of the Board, of its own motion, to obtain the testimony of the doctors in question.

The names and location of the doctors were not shown. The identity or qualifications were not established—what testimony they might give was not made known.

Further, all issues in controversy were gone into and there doesn't appear to be an absence of testimony on any particular controversial point. Both parties to this litigation were represented by competent counsel. No request was made that further or additional testimony be by the Board secured.

■ The Board did not abuse its discretion in failure of its own motion to hire investigators and detectives to determine what some unknown, unlocated, unnamed doctors might testify to.

In appellant's petition for rehearing he requests that having appraised the Board

428

that he was examined by physicians for induction into the armed services, and was rejected some two years after the injury, and that he has no funds with which to ascertain who the physicians were who made such examinations, or what their findings were, that the Board should inquire and investigate and secure the evidence showing on what finding he was so rejected. Had a rehearing been granted, there is no showing as to what the unknown physicians' and doctors' testimony would be, and had other evidence been secured, there is no showing that the Board would have changed its conclusion as to the extent of appellant's injury. Speculating on the testimony of such additional unidentified doctors there would still have been a conflict in the evidence, and the Board would have had the right under the holdings above cited to have found as it did.

It cannot therefore be said that the Board abused its discretion in denying a rehearing on issues submitted and passed on.

Numerous propositions are submitted in appellant's brief as to why the Board should have granted a larger award. All of such matters of fact were submitted to the Board and on precedents heretofore established are not reviewable on appeal.

The Board in its findings and award had all the factual propositions before it which are argued on appeal, and questions of fact being exclusively for the Board, where the same are in conflict and there is substantial, competent evidence to support such findings, will not be disturbed.

We find no error and the judgment is affirmed. Costs to respondents.

HOLDEN, C. J., and GIVENS, PORTER and TAYLOR, JJ., concur.