281 P.2d 1047

Agnes LIMPRECHT, Appellant,

v.

Milo BYBEE, d/b/a Boquet Cafe, Employer,

and

State Insurance Fund, Surety, Respondents.

No. 8226.

Supreme Court of Idaho.

March 30, 1955.

Walter M. Oros, Boise, Paul C. Keeton, Lewiston, for appellant.

Robert E. Smylie, Atty. Gen., Glenn A. Coughlan, Asst. Atty. Gen., for respondents.

PORTER, Justice.

On September 7, 1952, appellant sustained a back injury caused by an accident arising out of and in the course of her employment in the Bouquet Cafe in Mountain Home. On November 17, 1952, she was discharged by her attending physician as surgically healed, and able to return to work as of that date with a permanent partial disability equivalent to 10% loss of one leg at the hip.

Prior to November 17, 1952, the State Insurance Fund was paying appellant total temporary disability benefits. On that date appellant called at the office of the State Insurance Fund and advised Mr. George C. Moore, Chief Claims Examiner, that she desired to go to California. She asked either for an advance on her compensation as contended by appellant, or asked for a lump sum final settlement as contended by respondents. Mr. Moore prepared a regular compensation agreement on the usual printed form whereby appellant was to receive $700 compensation, $375 of which had already been paid. The agreement provided the remaining $325 was to be paid to claimant in monthly installments. This agreement was signed by the parties. At the same time Mr. Moore prepared a letter addressed to the Industrial Accident Board wherein the appellant requested a lump sum settlement in the amount of $325 for the reason that she desired to go to the State of California.

Mr. Moore and appellant then went before the Industrial Accident Board where the mentioned letter was signed. The Industrial Accident Board approved both the compensation agreement and the request for a lump sum settlement in the sum of $325. Thereupon such sum was paid to appellant by the respondent, State Insurance Fund.

On June 24, 1954, appellant filed a petition for hearing with the Industrial Accident Board upon her claim for compensation. It is alleged in such petition for hearing that no valid legal agreement regarding compensation has been entered into and that the alleged compensation agreement made on November 17, 1952, was procured through fraud in law and in fact as against the rights of appellant. Respondents by answer de-

nied generally the petition for hearing and set up as an affirmative defense the lump sum final settlement.

The matter was set down for hearing by the Industrial Accident Board and at such hearing evidence was offered by the respective parties. The Board made findings of fact and conclusions of law adverse to claimant and entered an order that the petition of claimant be dismissed and relief thereunder denied. From such order this appeal is being prosecuted.

Appellant contends the Board erred in finding and holding there was no fraud either in law or in fact in the making of the compensation agreement. Appellant did not plead any acts of fraud. She testified that Mr. Moore, the Chief Claims Examiner, advised her on November 17, 1952, that she could not receive any more compensation payments if she left the State of Idaho; and that Mr. Moore did not advise her that if she took a lump sum settlement she would be foreclosed from receiving any further compensation. These appear to be the only two matters upon which appellant predicates her claim of fraud.

Mr. Moore testified that the advice he gave appellant was that if she left the State of Idaho she could not receive any more medical treatment at the expense of respondents. Appellant does not question the right of respondents to refuse to pay for medical treatment outside the state.

Moore further testified that he explained fully to appellant that if she accepted a lump sum settlement she would forever foreclose her claim. In the letter signed by appellant requesting a lump sum settlement, we find the following language:

"The provisions of 72–321, Idaho Code, relating to lump sum settlements have been read and explained to me by the State Insurance Fund, and I understand the meaning of my request for a lump sum settlement."

The Industrial Accident Board, upon substantial though conflicting evidence, found upon the factual issues in favor of respondents. Such findings are conclusive on this court on this appeal. Sections 72–608 and 72–609, I.C.; Kaylor v. Callahan Zinc-Lead Co., 43 Idaho 477, 253 P. 132; In re MacKenzie, 55 Idaho 663, 46 P.2d 73; Idaho Mut. Ben. Ass'n v. Robison, 65 Idaho 793, 154 P.2d 156; Stralovich v. Sunshine Mining Co., 68 Idaho 524, 201 P.2d 106; Miller v. State, 69 Idaho 122, 203 P.2d 1007; Johansen v. Ferry-Morse Seed Co., 69 Idaho 275, 206 P.2d 545; Herman v. Coeur d'Alene Hardware & Foundry Co., 69 Idaho 423, 208 P.2d 167; McGee v. Koontz, 70 Idaho 507, 223 P.2d 686; Adams v. Bitco, Inc., 72 Idaho 178, 238 P.2d 428; Kernaghan v. Sunshine Mining Co., 73 Idaho 106, 245 P.2d 806.

The Board correctly concluded from its findings of fact that there was no fraud perpetrated either in law or in fact in the making of the compensation agreement or the lump sum settlement.

Zapantis v. Central Idaho M. & M. Co., 64 Idaho 498, 136 P.2d 154.

Appellant contends that if it should be found there was no fraud in the making of the compensation agreement and the making of the lump sum settlement, nevertheless she is entitled to have her case reopened on the ground of a change of conditions under the provisions of Section 72-607, I.C.; and that her petition for hearing should be construed as an application to reopen her case, made within four years from the date of the accident. Section 72-607, I.C., reads as follows:

"On application made by any party within four years of the date of the accident causing the injury, on the ground of a change in conditions, the board may at any time, but not oftener than once in six months, review any agreement or award, and on such review may make an award. ending, diminishing or increasing the compensation previously agreed upon or awarded, subject to the maximum and mini-, mum provided in this act, and shall state its conclusions of fact and rulings of law, and immediately send to the parties a copy of the award, *but this section shall not apply to a commutation of payments under section 72-321.*" (Emphasis supplied.)

The pertinent part of Section 72-321, I.C., is as follows:

"Whenever the board determines that it is for the best interest of all parties, the liability of the employer for compensation may, on application to the board by any party interested, be discharged in whole or in part by the payment of one or more lump sums to be determined by or with the approval of the board."

The effect of these statutes is to make a lump sum settlement final and not subject to review within four years of the date of the accident.

Appellant seeks to avoid the bar of the statutes by calling attention to the following language in the compensation agreement:

"It is understood that this agreement is subject to the provisions of Section 72-607, Idaho Code, pertaining to the Modification of Awards and Agreements."

This is a printed provision in the blank form used for compensation agreements and is proper so far as such agreements are concerned.

The compensation agreement herein fixed the amount of the award and the terms of its payment by installments. The provisions of Section 72-607, I.C., providing for the reopening of the cause upon a change in conditions were applicable thereto. However, when the request for a lump sum payment was approved by the Industrial Accident Board and payment made thereunder the compensation agreement for installment payments was superseded. The

provision in Section 72–607, I.C., that such statute should not apply where there had been a lump sum settlement came into effect.

The compensation agreement, when approved by the Industrial Accident Board, became in force and effect the same as an award by the Board. Rodius v. Coeur d'Alene Mill Co., 46 Idaho 692, 271 P. 1; Dept. of Finance of State v. Union Pac. R. Co., 61 Idaho 484, 104 P.2d 1110; Zapantis v. Central Idaho Min. & Mill. Co., 61 Idaho 660, 106 P.2d 113; Blackburn v. Olson, 69 Idaho 428, 207 P.2d 1160; Nitkey v. Bunker Hill & Sullivan Min. & Con. Co., 73 Idaho 294, 251 P.2d 216.

Section 72–608, I.C., is in part as follows:

"An award of the board in the absence of fraud, shall be final and conclusive between the parties, except as provided in section 72–607, unless within 30 days after a copy has been sent to the parties, either party appeals to the Supreme Court."

A valid award having been made and no fraud having been found by the Board and no appeal having been taken within 30 days after a copy of the award was received by the parties, the award became and is final and conclusive between the parties. Rodius v. Coeur d'Alene Mill Co., supra; Reagan v. Baxter Foundry etc., Wks., 53 Idaho 722, 27 P.2d 62; Barry v. Peterson Motor Co., 55 Idaho 702, 46 P.2d 77; Zapantis v. Central Idaho Min. & Mill. Co., 61 Idaho 660, 106 P.2d 113; Blackburn v. Olson, supra.

Appellant, in her specifications of error, urges that the Board erred in sustaining objections to certain questions. We have examined the evidence and questions to which objections were sustained and find no error in the rulings of the Board.

The order of the Industrial Accident Board is affirmed. Costs to respondents.

TAYLOR, C. J., ANDERSON and SMITH, JJ., and H. McQUADE, D. J., concur.