Dye, J.
This is a compensation case. The issue is a narrow one, namely, whether claimant’s injuries were causally connected with his employment or the result of a personal act.
*656 The undisputed proof establishes that at the time of the accident the employer was engaged in the business of tree surgery and that it employed the claimant as its sales representative and general manager of its Kingston, New York, office.
In September, 1952 the claimant, at the request and direction of his employer, went to a three-day conference being held at Stamford, Connecticut. The conference was an annual affair and was held for the purpose of instructing members of the trade with new methods and experimental work. The employer reimbursed claimant for all his expenses while in attendance at the conference. The conference schedule called for outdoor sessions in the field during the daytime and indoor sessions in the evening.
On September 7,1952 the claimant attended a field conference on the grounds of the laboratory. As part of the instructions then being given, the claimant examined moss and wood, clumps of earth for worms and insects, and had occasion to dig into soil with “ a potknife ” (sic). It was a hot day — the claimant perspired freely and became “ pretty grubby ”. This field session concluded at 4:30 p.m. The claimant returned to his hotel room. In getting ready for the evening session scheduled to begin at 8:00 p.m., he stepped into the bathtub to take a shower and as he did so he slipped and fell to his injury.
The Appellate Division has reversed, on the law, the decision of the Workmen’s Compensation Board setting aside an award of disability benefits made by the hearing referee in favor of claimant and remitted the matter to the board for further consideration.
For purpose of this appeal we treat the order appealed from as a final order and that as such it gives us jurisdiction to hear the appeal, since it is obvious that no further testimony is needed to determine the issue of liability, and that nothing remains to be done beyond a ministerial act, the award having already been fixed.
As we read this record, the taking of a bath was, under the circumstances here involved, related to Miller’s employment. Miller’s presence at the trade convention and his participation in both afternoon and evening sessions were demanded and ordered by his employer. That being the case, the injury suffered when he was taking a bath between those two sessions necessarily arose out of and in the course of his employment.
The order appealed from should be affirmed, with costs.