**E. H. HALL, d/b/a the Parkhurst Nursing Home, Appellant,**

**v.**

**C. Leslie DAWSON, Commissioner Department of Economic Security et al., Appellees.**

Court of Appeals of Kentucky.

June 14, 1968.

James L. Williams, William A. Young, Young & Williams, William P. Curlin, Hazelrigg & Cox, Frankfort, for appellant.

Paul E. Tierney, James G. Childers, Department of Economic Security, Robert F. Matthews, Atty. Gen., Frankfort, for appellees.

OSBORNE, Judge.

The appellant brought this action for a declaratory judgment in the Franklin Circuit Court to determine his right to payment under the Kentucky Medical Care Program and to enjoin the Department of Economic Security from withholding alleged overpayments. He is appealing from a judgment dismissing his complaint.

The appellant is the operator of a nursing home. In January, 1963, he sought to participate in the Kentucky Medical Care Program. There are three levels of payment for participating nursing homes based on the facilities and level of care they provide. A home desiring to participate must submit an application for the level at which it wishes to participate. If the application is accepted, a contract is signed in which the home agrees to meet the various requirements for that level and to notify the department if it is unable to meet the requirements. Thereafter, the home is authorized to accept and care for approved patients and is paid at the rate established. Appellant sought to participate at the Intermediate Rate Category and his application was approved. One of the requirements for participation at this rate was, "The nursing staff of the nursing home shall maintain at least two full-time nurse employees who are either registered professional nurse(s) or licensed practical nurse(s)." Provisions were made for temporary noncompliance with this requirement. However, full compliance became mandatory July 1, 1964. Appellant received patients and was paid for their care at the Intermediate Rate during the period in controversy. He did not notify the Department that he was not meeting the requirements and in reply to letters requesting the names of his nurses, sent the name of two women employed.

The department, on the basis of inspection and affidavits, decided that appellant had not met the nursing requirements for the period from July 1, 1964 to August 31, 1965. They notified him that he had wrongfully received compensation at the Intermediate Rate and was entitled only to the lower Basic Rate for the entire period. They indicated that they would seek to recoup the difference by withholding future payments. Appellant objected to this determination and was granted a hearing on the matter by the Department even though there is no statutory provision authorizing it. At the hearing the Department produced proof to show that appellant had one full-time nurse and one part-time nurse. Appellant's proof was calculated to show that the full-time nurse worked 12 hours a day; therefore, he had the equivalent of two full-time nurses. The Commissioner before whom the hearing was held determined that appellant did not meet the required standards. His conclusions are ambiguous as to whether he decided that appellant did not have nursing service sixteen hours a day or that such did not meet the requirements. On the basis of this conclusion, the Department continued its efforts to recoup the overpayments.

Appellant then instituted this action in the Franklin Circuit Court. The case was submitted for summary judgment on the pleadings and the record before the Department, which consisted mainly of affidavits

as to the hours actually worked by the nurses involved.

The trial court concluded as a matter of fact that one nurse worked twelve hours a day and another four hours a day during the entire period. The affidavits are conflicting and this finding is not clearly erroneous.

The trial court then concluded as a matter of law that this arrangement did not meet the required standard of "at least two full-time nurse employees" and that appellant was not entitled to the relief sought. On this basis the action was dismissed.

The sole question before this court is whether one nurse working twelve hours a day and another working four hours a day constitute "at least two full-time nursing employees."

The requirements for participation are set by the Department and the nursing home agreed to comply. Therefore, their interpretation of these policies should carry some weight. Throughout they have contended that the phrase meant two separate nurses each working full time. The regulation requires "at least" two full-time nurses. "At least" means a minimum of and must be at least equalled. Something substantially equal is not enough. City of Olive Hill v. Howard, Ky., 273 S.W.2d 387. Furthermore, the phrase full time is somewhat ambiguous. In Johnson v. Stoughton Wagon Co., 118 Wis. 438, 95 N.W. 394, it was held that to be full time requires engaging in the business substantially all of one's working time. We do not believe that this requirement for two full-time nursing employees is met by one part-time nurse and one nurse working overtime. These requirements are to insure minimum care for sick persons. Public policy requires that minimum standards not be further diluted through technical interpretation.

The judgment is affirmed.

All concur.