252 S.E.2d 159 (1979)
WEST VIRGINIA JUDICIAL INQUIRY COMMISSION
v.
Elden ALLAMONG.
No. 14313.
Supreme Court of Appeals of West Virginia.
February 13, 1979.
*160 Charlotte R. Lane, Fowler, Paterno & Lane, Charleston, for complainant.
Elden Allamong, pro se.
MILLER, Justice.
This case presents the question whether, or to what extent, a West Virginia magistrate who is also a duly licensed attorney may engage in the private practice of law.
These proceedings began when the Judicial Inquiry Commission, a body charged with the duty to investigate alleged judicial misconduct, filed a complaint with the Judicial Review Board against Magistrate Elden Allamong. The Board is vested with the duty to hear complaints filed by the Commission and make recommendations to this Court as to their disposition.[1] The complaint charged Magistrate Allamong, a licensed attorney, with practicing law while serving as magistrate, and with another violation which the Board found to be groundless.[2]
The Judicial Inquiry Commission is empowered to charge a judge[3] with "violation of the Judicial Code of Ethics, Code of Regulations or Standards of Conduct and Performances," or to charge that he should no longer serve "because of advancing years and attendant physical or mental incapacity." Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, W.Va.Code, Rule I(A)(2)(a), (b) [hereinafter Rules of Procedure]. Here, the specific charge was that Magistrate Allamong, by practicing law while serving as magistrate, had violated Canon 5(F) of the Judicial Code of Ethics, which provides: "A judge should not practice law."
The Judicial Review Board is authorized to hear the complaint, take evidence, and hear argument. It must enter on the record its written recommendation, "which shall contain findings of fact, conclusions of law and proposed disposition." Rules of Procedure, Rule II(A)(2). In the case at bar, the Board found as fact, which Magistrate Allamong admitted, that he "continued to practice law after becoming a Magistrate in Mineral County." Rejecting the Magistrate's contention that his practice did not actually interfere with his judicial duties, the Board concluded as a matter of law that Canon 5(F) absolutely prohibits the practice of law by an attorney who is a magistrate, and thus ruled that Magistrate Allamong had violated the Canon. The Board recommended that the Magistrate be "prohibit[ed] and restrain[ed] . . . from any further practice of law while holding the office of Magistrate of Mineral County."
*161 On review to this Court,[4] the Judicial Inquiry Commission rests its argument upon two contentions: First, a magistrate cannot "devote full time to his public duties," [emphasis supplied] within the meaning of W.Va.Code, 50-1-4,[5] if he engages to any extent in the practice of law. Second, the broad statutory command that a magistrate "shall be subject to and shall abide by the code of judicial ethics as adopted and amended by the supreme court of appeals," in W.Va.Code, 50-1-12, constitutes a legislative prohibition against law practice by magistrates by virtue of the prohibition in Canon 5(F) against a judge practicing law.
Magistrate Allamong contends, on the other hand, that the "full time" provision means that a magistrate must not take time out from a regular magistrate workday to practice law, but that he may practice in his spare time. In his brief he asserts:
"The Respondent has devoted more than full time to his public duties, having to work days, nights, weekends, and holidays. Many over-time hours have been accumulated. . . ."
With respect to Canon 5(F), the Magistrate urges that magistrates who are attorneys have a constitutionally vested right to practice law except to the extent prohibited by the Legislature, under Article VIII, Section 7 of the West Virginia Constitution, which states in pertinent part:
"No justice of the supreme court of appeals or judge of an intermediate appellate court or of a circuit court shall practice the profession of law during the term of his office, but magistrates who are licensed to practice this profession may practice law except to the extent prohibited by the legislature." [Emphasis supplied]
The Magistrate argues that the statutory mandate that magistrates follow the Judicial Code of Ethics is too generalized to be construed as a deliberate legislative prohibition of law practice under the enabling language of Article VIII, Section 7: "except to the extent prohibited by the legislature."

I
We begin with a frank recognition that there is a conflict between Article VIII, Section 7 of the West Virginia Constitution, which permits a magistrate who is an attorney to "practice law except to the extent prohibited by the legislature," and Canon 5(F), which states "[a] judge should not practice law." This is brought about by the provision in the Compliance section of the Judicial Code of Ethics, which states the word "judge" "shall apply to all Justices of the Supreme Court, Circuit Judges and all Magistrates."[6]
Prior to the time that the magistrate system came into existence on January 1, 1977, the Judicial Reorganization Amendment to Article VIII of our Constitution had been ratified at the General Election held on November 5, 1974. The Judicial Reorganization Amendment for the first time brought into our Constitution the critical language that "magistrates who are licensed to practice this profession may practice law except to the extent prohibited by the legislature."
Obviously, the constitutional language was designed to place in the Legislature the power to determine to what extent it would permit magistrates who are lawyers to practice law.
As a general rule, the judiciary has the inherent power to regulate attorneys in *162 the practice of law. This proposition was discussed in some detail in West Virginia State Bar v. Earley, 144 W.Va. 504, 109 S.E.2d 420 (1959).
Under Article VIII, Section 8 of our Constitution, this Court was given the express power to "prescribe, adopt, promulgate and amend rules prescribing a judicial code of ethics." Our current Judicial Code of Ethics was adopted on July 16, 1976. It is substantially the same as the code recommended by the Special Committee on Standards of Judicial Conduct and adopted by unanimous vote of the House of Delegates of the American Bar Association on August 16, 1972. See E. Thode, Reporter's Notes to Code of Judicial Conduct (1973).
Notwithstanding this Court's inherent power to regulate attorneys in the practice of law and its express constitutional power under Article VIII, Section 8 to adopt a code of judicial ethics, such powers may only be exercised in a manner not inconsistent with other constitutional provisions.
Specifically, a judicial canon of ethics cannot be promulgated which would violate a constitutional provision. In the context of this case, the provisions of Article VIII, Section 7, which permit attorneys who are magistrates to practice law except to the extent prohibited by the Legislature, preclude this Court from prohibiting magistrates from practicing law as has been done under Canon 5(F) of the Judicial Code of Ethics of this State.
In other words, the voters of this State, by voting to adopt Article VIII, Section 7 of the Judicial Reorganization Amendment, have placed in the Legislature the power to limit or prohibit attorneys who are magistrates from engaging in the practice of law.
The inquiry, then, is to determine to what extent the Legislature has exercised this power in the magistrate field.

II
Initially, we are asked to hold that W.Va. Code, 50-1-4, precludes a magistrate from practicing law. This is based on the theory that this statute states that a magistrate serving more than 5,000 people "shall devote full time to his public duties." It is urged that if an attorney-magistrate has to devote full time to his public duties, then the Legislature intended he should not engage in the practice of law.
We recognize, as have other courts, that the term "full time" is ambiguous, but that it does not require service twenty-four hours a day, nor that every moment of one's waking hours must be devoted to his employment. Mobile & Kansas City Railroad v. Owen, 121 Ala. 505, 25 So. 612 (1898); Hermann v. Littlefield, 109 Cal. 430, 42 P. 443 (1895); Harrison v. Lustra Corp., 84 Idaho 320, 325, 372 P.2d 397, 399-400 (1962); Hall v. Dawson, 429 S.W.2d 366 (Ky.1968); Transamerica Insurance Co. v. Frost National Bank, 501 S.W.2d 418, 422-24 (Tex. Civ.App.1973); Johnson v. Stoughton Wagon Co., 118 Wis. 438, 95 N.W. 394 (1903); Long v. Forbes, 58 Wyo. 533, 546-47, 136 P.2d 242, 246, 158 A.L.R. 224, 230 (1943).
Some insight on the question is provided by another section of the magistrate law, W.Va.Code, 50-1-12, which sets out prohibited activities for magistrates, stating a magistrate cannot:
"(a) Acquire or hold any interest in any matter which is before the magistrate court;
"(b) Purchase, either directly or indirectly, any property being sold upon execution issued by the magistrate court;
"(c) Act as agent or attorney for any party in any proceeding in any magistrate court in the State; or
"(d) Engage in, or assist in, any remunerative endeavor, except the duties of his office, while on the premises of the magistrate court office." [Emphasis supplied]
Several conclusions can be drawn from the emphasized language. First, W.Va. Code, 50-1-12(c), by prohibiting a magistrate from acting as an attorney or agent in magistrate courts only, appears to recognize that an attorney-magistrate can act as an attorney in other areas so long as he does not appear in magistrate courts.
*163 The prohibition against a magistrate engaging in any remunerative endeavor, under W.Va.Code, 50-1-12(d), is not absolute. It is a limited prohibition directed at engaging in any remunerative activities "while on the premises of the magistrate court office." It is obvious that if the Legislature wanted to bar magistrates from all remunerative activity, it could have done so by eliminating the above-quoted language.[7] This subsection suggests that the term "devote full time to his public duties" in W.Va.Code, 50-1-4, was not intended to mean that an attorney-magistrate could not have some remunerative activity outside his magistrate office, and affords the parallel suggestion that the "full time" provision was not intended to bar all other remunerative activity.[8]
The further point is made that under W.Va.Code, 50-1-12, "Magistrates shall be subject to and shall abide by the code of judicial ethics as adopted and amended by the supreme court of appeals," and this should be read as an express legislative prohibition against practicing law. This interpretation is based on the premise that the Legislature was aware that the Judicial Code of Ethics, as adopted by this Court, prohibits judges from the practice of law, and that magistrates are judges.
In the earlier portion of this opinion, we discussed the Judicial Code of Ethics, and pointed out that Article VIII, Section 8 of our Constitution authorizes this Court to adopt such a code and to amend it. We do not conceive that the Legislature intended to abandon to this Court its constitutional authority to control magistrates who are lawyers from practicing law, under the guise of letting the Court set the standard through the Judicial Code of Ethics. Indeed, we doubt if the Legislature could properly delegate to another branch of government a specific constitutional power which it had been expressly authorized to execute. See State ex rel. West Virginia Housing Development Fund v. Copenhaver, 153 W.Va. 636, 649-50, 171 S.E.2d 545, 553 (1969); State ex rel. County Court v. Demus, 148 W.Va. 398, 401, 135 S.E.2d 352, 355 (1964).
We must, therefore, conclude that nothing within the terms of W.Va.Code, 50-1-4 and -12, can be read as a total legislative prohibition against practicing law by a magistrate who is an attorney. We do recognize that under W.Va.Code, 50-1-12(c), a magistrate who is an attorney cannot practice in any magistrate court. We also recognize that the Legislature has *164 the power under Article VIII, Section 7 of our Constitution to prohibit entirely the practice of law by an attorney-magistrate, and this is an area which we do not control by the Judicial Code of Ethics, since our Constitution places this power in the Legislature.
In closing, we do not mean to suggest that an attorney who is a magistrate can engage in the practice of law to the extent that it interferes with the full performance of his duties as magistrate. Having asked the voters to elect him as magistrate, his first obligation is to that office. Because a magistrate is a judicial officer, he is subject to all of the Canons of the Judicial Code of Ethics, except Canon 5(F). He must not, through his activities as an attorney, jeopardize his magistrate office or its integrity, propriety or impartiality.
We have previously noted that W.Va. Code, 50-1-12(c), precludes a magistrate from practicing in any magistrate court. Since he is a judicial officer of the State, it would not be proper for him to represent any criminal defendant in any court. Furthermore, because an attorney-magistrate cannot represent his client in any magistrate court, should he find his client appearing in his court, he should transfer the case to another magistrate.
For the foregoing reasons, we hold that Magistrate Allamong is not totally prohibited from the practice of law and the complaint lodged against him by the Judicial Inquiry Commission is hereby dismissed.
Complaint dismissed.
NOTES
[1] The provisions governing the Commission and the Board are found in the Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, W.Va.Code, Vol. 1, Appendix [hereinafter Rules of Procedure]. These rules were adopted and promulgated by this Court to be effective October 1, 1976.
[2] The Board recommended to the Court that this latter charge be dismissed. Finding no abuse of discretion by the Board on this point, we affirm this recommendation.
[3] "Judge" is defined as "any Circuit Judge, Supreme Court Justice, or Magistrate . . . ." Rules of Procedure, n. 1, Rule I(B)(1)(b).
[4] Rule II(A)(3) of the Rules of Procedure provides:

"The Supreme Court of Appeals shall review the record of the proceedings on the law and the facts and shall afford the aggrieved Judge or his counsel an opportunity to be heard before the Supreme Court of Appeals."
[5] W.Va.Code, 50-1-4, requires that a magistrate serving more than 5,000 people "shall devote full time to his public duties," but that a magistrate serving 5,000 or fewer "shall devote such time to his public duties as shall be required by rule or regulation of the . . . circuit court."

It is undisputed that Magistrate Allamong serves more than 5,000 people.
[6] See Michie's West Virginia Code (1978), Vol. 1, Appendix at 660.
[7] We are reinforced in this conclusion by the fact that the Legislature has, in at least one instance when it desired to prohibit outside employment of elected public officials, expressed its intent in clear and unequivocal language from W.Va.Code, 7-7-4:

"Any county clerk, circuit clerk, joint clerk of the county commission and circuit court, if any, county assessors, sheriff and prosecuting attorney of a Class I county and any prosecuting attorney of a Class II county shall devote full time to his public duties to the exclusion of any other employment. . . ." [Emphasis supplied]
The federal counterpart to W.Va.Code, 50-1-12, is found in 28 U.S.C. § 632:
"(a) Full-time United States magistrates may not engage in the practice of law, and may not engage in any other business, occupation, or employment inconsistent with the expeditious, proper, and impartial performance of their duties as judicial officers.
"(b) Part-time United States magistrates shall render such service as judicial officers as is required by law. While so serving they may engage in the practice of law, but may not serve as counsel in any criminal action in any court of the United States, nor act in any capacity that is, under such regulations as the conference may establish, inconsistent with the proper discharge of their office. Within such restrictions, they may engage in any other business, occupation, or employment which is not inconsistent with the expeditious, proper, and impartial performance of their duties as judicial officers."
[8] In Note, Judicial Reform in West Virginia: The Magistrate Court System, 79 W.Va.L.Rev. 304, 306 n. 24 (1977), the following statement is made:

"W.VA.CONST. art. 8, § 7, allows magistrates who are licensed to practice law to do so except insofar as it violates the proscriptions of W.Va.Code Ann. § 50-1-12 (Cum.Supp.1976). This apparently allows a magistrate-attorney to practice law except while on the premises of the magistrate's office. One commendable result of this lenient provision may be the encouragement of attorneys to seek the office of magistrate. . . ."