207 P.2d 1160

**BLACKBURN v. OLSON et al.**

No. 7482.

Supreme Court of Idaho.

July 1, 1949.

430

Paul C. Keeton, Lewiston, Walter M. Oros, Boise, for appellants.

J. Henry Felton, Lewiston, for L. R. Olson.

Ralph S. Nelson and Spencer Nelson, Coeur d'Alene, for Idaho Compensation Co.

E. B. Smith, Boise, for Western Hosp. Ass'n and National Surety Co.

PORTER, Justice.

In 1945 the claimant and appellant, hereinafter referred to as claimant, was living with his wife and three minor children near Cavendish in Clearwater County. In May of that year, he became employed by defendant and appellant, L. R. Olson, hereinafter referred to as employer. Claimant's work consisted of operating a bulldozer in clearing stumps and brush from cut-over land owned by his employer.

The claimant had a background of employment mostly in lumbering and logging, and in the operation of heavy machinery in connection therewith. The employer had been engaged in logging operations until September 1943. At the time of the accident he was engaged in buying up cut-over land and in clearing the stumps and brush therefrom for the purpose of resale. Until a resale could be effected he would lease the land or cause it to be farmed on his own account. The land upon which the claimant was working had never been in crops. The claimant was not engaged to put out crops or to raise and care for crops.

On September 19, 1945, the claimant caught the corner of the bulldozer blade on a stump and killed the motor. The motor had to be started by use of the foot. In attempting to start the motor, the pin sheared off and the claimant was thrown on his back across the blade of the bulldozer. He suffered severe pain and quit work.

The second day after the accident, he talked with his employer about his back and was advised that the employer had no hospital contract. Thereafter he was treated by several physicians of his own selection. He received $100.00 from his employer to help pay for medical services. Sometime later, the claimant received word from his employer that the employer had found out he had insurance in the Idaho Compensation Company, defendant and appellant herein. The employer directed claimant to meet him at the office of one Ted Walrath, the representative of the surety. On December 28, 1945, the claimant and employer met at the office of Walrath who prepared notice of injury and claim for compensation in due form which was signed and served by the claimant; and to which, on the same day, the employer added his report. The formal claim was filed with the Industrial Accident Board on January 25, 1946.

In February, 1946, by request, the claimant met with Mr. Cathcart, a representative of the Idaho Compensation Company, and with his employer. A memorandum of agreement and summary was entered into and an employer's supplemental report made out. These papers were filed with the board February 13, 1946, and approved February 15, 1946. Under such agreement, the claimant was paid compensation for temporary total disability, from September 19, 1945, to February 7, 1946, in the sum of $380.00.

On January 2, 1948, claimant filed application for modification and petition for hearing on the ground of change of condition; and on February 27, 1948, filed his second amended petition. The defendant employer and his surety filed answer setting up that at the time of the accident, claimant was employed in an agricultural pursuit and that prior to the accident the employer had not elected in writing filed with the board, to have the provisions of the act apply; and that the entering into the compensation agreement was through inadvertence and mistake. On its own motion, the board on March 10, 1948, entered an order making the Western Hospital Association as hospital contractor and its surety, National Surety Corporation, defendants.

On June 15, 1948, a hearing was held. The Western Hospital Association and its surety orally denied any liability. Claimant, in support of his petition, offered evidence that after the award on February 15, 1946, his condition became worse. That he consulted local physicians, and upon their advice, went to the Portland Clinic,

where on September 25, 1947, he submitted to an operation involving a herniated intervertebral disc and spinal fusion.

The Industrial Accident Board discharged the Hospital Association from liability and made an award to the claimant. From this award, both the claimant and the employer and his surety have appealed.

For convenience we will first consider the appeal of the employer and his surety. The principal assignment of error made is that the board erred in failing to find that the claimant at the time of the accident was engaged in an agricultural pursuit, and that the employer had filed no election to have the provisions of the compensation act apply. Section 72-105, I.C., provides in part as follows:

"None of the provisions of this act shall apply to:

"1. Agricultural pursuits.

\* \* \* \* \* \*

"Unless prior to the accident for. which the claim is made, the employer had elected in writing filed with the board, that the provisions of the act shall apply."

It is not urged that the employer filed the election provided for in the above Section 72-105, I.C. It is also true that the board held that it was unnecessary for it to find as to whether or not the claimant was engaged in an agricultural pursuit at the time of the accident.

The claimant counters the contention that a finding should have been made by the board as to whether or not the claimant was engaged in an agricultural pursuit, with the argument that the compensation agreement approved by the board became, in effect, an award and is res adjudicata on the question of the injury being compensable. The board adopted this view.

Section 72-608, I.C., reads in part as follows:

"An award of the board in the absence of fraud, shall be final and conclusive between the parties, except as provided in section 72-607, unless within 30 days after a copy has been sent to the parties, either party appeals to the Supreme Court."

Section 72-607, I.C., provides that on application made by any party within four years of the date of the accident on the ground of a change of condition, the board may review an award and on such review, may make an award ending, diminishing or increasing the compensation previously awarded.

The compensation agreement approved by the board had the same effect as an award of the board. Zupantis v. Central Idaho Min. & Mill. Co., 61 Idaho 660, 106 P.2d 113; Rodius v. Coeur d'Alene Mill. Co., 46 Idaho 692, 271 P. 1.

It has been consistently held by this court that under the provisions of Section 72-608, I.C., an award in the absence of fraud, becomes final and conclusive if no appeal is taken, Zupantis v.

Central Idaho Min. & Mill. Co., supra; Dept. of Finance v. Union Pac. R. R. Co., 61 Idaho 484, 104 P.2d 1110; Reagan v. Baxter Foundry etc. Works, 53 Idaho 722, 27 P.2d 62; Barry v. Peterson Motor Co., 55 Idaho 702, 46 P.2d 77; Rodius v. Coeur d'Alene Mill. Co., supra; Boshers v. Payne, 58 Idaho 109, 70 P.2d 391.

The doctrine of res adjudicata applies to all questions which might have been raised as well as to all questions which were raised. Zupantis v. Central Idaho Min. & Mill. Co., supra.

In Dept. of Finance v. Union Pac. R. R. Co., supra, an award was challenged on the ground that the Industrial Accident Board was without power or jurisdiction to make the award, for the alleged reason that it was made to a member of the employer's family, dwelling in his house, and that no election had been filed with the board to have the provisions of the act apply. Such employment, like agricultural pursuits, is exempted under Section 72-105, I.C. The evidence showed a compensation agreement signed by the claimant, the employer and the surety, and approved by the Industrial Accident Board. The court held that such an agreement for compensation constituted a decision and award of the board, and that the award was valid.

In Rodius v. Coeur d'Alene Mill. Co., supra, an award was made to a "step-child" upon an agreement between the surety, the employer and the mother of the child. A petition was filed to reopen the case upon the ground that the child was not the child of the decedent, but was illegitimate. Section 72-305, I.C., classifies "acknowledged" illegitimate children as entitled to compensation. The court held that the original award was final and conclusive.

The appellants, employer and surety, rely upon Kindall v. McBirney, 52 Idaho 65, 11 P.2d 370. An examination of such case discloses that it was conceded that claimant was injured while employed in an agricultural pursuit; and it was found that the employer had not filed the election provided for in Section 72-105, I.C. It appeared that the foreman of the employer requested a physician to attend claimant stating that she was covered by insurance; that the doctor attending the claimant was told by a person in the office of the surety that claimant was covered by insurance; and that the hospital and doctor's fees were paid by the surety. At the hearing before the board, claimant set up such facts as estopping the employer and surety from claiming that the employee was not covered by the compensation act. The court held that the Industrial Accident Board was without jurisdiction to award compensation to claimant and could not acquire jurisdiction by estoppel, waiver or agreement. No prior award was involved and the final and conclusive nature of such an award was not considered.

In Hansen v. Rainbow Min. & Milling Co., 52 Idaho 543, 17 P.2d 335, the court points out the distinction between two classes of cases. One class is where it must be conceded that the claimant is in excluded employment and the board has no jurisdiction to make an award and cannot be clothed with such jurisdiction by estoppel, waiver or agreement. The other class is where the question of whether the claimant is in excluded or included employment, is one of fact to be litigated and determined by the board.

In the instant case the making of the compensation agreement constituted an admission by the employer and surety, equivalent to a factual finding by the board, that the claimant was engaged in covered employment.

We are of the opinion that the approved compensation agreement constituted an award. That no appeal having been taken, such award was res adjudicata on the controversial question as to whether the claimant was or was not engaged in covered employment at the time of the accident.

The appellants, employer and surety, further complain because the Industrial Accident Board dismissed the defendants, Western Hospital Association and its surety; and held such appellants liable for the medical expenses. It appears from the record that the employer and the Western Hospital Association had an approved hospital contract on file with the Industrial Accident Board at the time of the accident. However, the employer had made no payments to the hospital since he stopped his logging operations in September 1943, and retained no amount from any employee's wages as a contribution on such hospital contract after such time. The employer reported that there was no hospital contract. The surety's representative, Mr. Cathcart, ascertained before the compensation agreement was executed that the hospital contract was not in operation. All these facts tend to show that the hospital contract was abandoned by the parties prior to the accident. Section 72-307, I.C., makes the employer, and necessarily his surety, liable to provide or pay for necessary medical expenses. The record shows that the claimant did not waive the provisions of Section 72-307, I.C., by making contributions under a hospital contract or otherwise, as provided in Section 72-308, I.C. See Holt v. Spencer Lumber Co., 68 Idaho 478, 199 P.2d 268.

The claimant in support of his appeal makes 17 specifications of error. All relate to the amount of the award and the various items thereof. Among other things, he contends that he was not able to return to work on February 7, 1946, the date of the agreement; that he became totally disable to work by April 1, 1946; and that he should have been awarded temporary total disability benefits from that date, in place of from September 1, 1947, as allowed by the board. The original

award is res adjudicata on his status as being able to return to work at the time of such award. Barry v. Peterson Motor Co., supra; Mell v. Larson, 54 Idaho 754, 36 P.2d 250. The board found that there was no change of condition until September 1, 1947. The board's finding is sustained by competent evidence and is conclusive on appeal. Smith v. University of Idaho, 67 Idaho 22, 170 P.2d 404.

■ The claimant next complains that he was not allowed in full for his medical expenses including traveling expenses. The evidence as to the amount of such expenses is in many respects indefinite. We do not find cause for disturbing the board's award in this respect.

Claimant also complains that the board erred in finding that claimant's permanent partial disability is equivalent to 50 percent of the loss of the leg at the hip, and should have found, as a matter of law, that such disability was equivalent to at least 75 percent of such loss. This was a question of fact to be decided by the board upon conflicting evidence. Its decision is therefore conclusive.

■ The board made a specific indemnity award to claimant under the provisions of Section 72-313, I.C., as it then existed for partial permanent disability. Claimant contends that in addition thereto, he should have been allowed an award for partial temporary disability after his total temporary disability was terminated for the remainder of the period of 150 weeks under the provisions of Section 72-312, I.C. Such section provides for payment for partial temporary disability continuing after total temporary disability, but makes no provision for payment for partial permanent disability. Partial permanent disability is compensated by an award of specific indemnity under Section 72-313, I.C., which read in part, at the time in question, as follows:

"In case of the following injuries the compensation shall be fifty-five per cent of the average weekly wages, but not more than the weekly compensation provided in section 72-310, in addition to all other compensation, for ninety-nine per cent of the periods stated against such injuries respectively, to-wit:

\* \* \* \* \* \*

"And in all other cases of permanent injury, not included in the above schedule, the compensation shall bear such relation to the amount stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule."

Claimant relies upon the phrase "in addition to all other compensation" appearing in such statute to support his position. In an earlier case in this term this court had occasion to consider a similar contention and construed the meaning and effect of the phrase "in addition to all other compensation" as used in the statute, adversely to claimant's position. See McCall v. Potlatch Forests, Inc., 69 Idaho 410, 208 P.2d 799, for discussion and authorities.

The award of the Industrial Accident Board to the claimant is affirmed. No costs allowed.

GIVENS and TAYLOR, JJ., and SUTPHEN and McCARTY, District Judges, concur.