526 P.2d 1095

Sylvester Junior BILLS, Claimant-Appellant,

v.

RICH MOTOR CO., INC., Employer, and American Hardware Mutual Insurance Company, Surety, Respondents.

No. 11526.

Supreme Court of Idaho.

Sept. 25, 1974.

Clark Gasser, Terrell, Green, Service & Gasser, Pocatello, for claimant-appellant.

John W. Barrett, Moffatt, Thomas, Barrett & Blanton, Boise, for respondents.

BAKES, Justice.

This is an appeal from an order of the Industrial Commission denying workmen's compensation benefits. The claimant, Sylvester Junior Bills, was an employee of Rich Motor Company. While Bills was removing a tire from its rim, the lever on the bead-breaking apparatus slipped from the machine and struck him on the leg.

The injury was very painful and Bills went to the service manager's office and rested there for over an hour. When it became apparent that his condition was not going to improve, he was sent home for the day. The tire machine lever had struck his right thigh, an area that had been severely injured by Bills some two years before when he was operating a wrecker for Rich Motor Company. The prior injury had occurred when Bills' leg was crushed when the car he was attempting to rescue was thrown against him after another car ran across the wrecker's cable. The prior injury had broken the upper thigh bone into many small fragments (a closed, comminuted subtrochanteric fracture).

Bills rested at home the remainder of the day of the tire-changing injury. The next morning, October 4, 1972, while attempting to aid his invalid father to arise from bed, Bills felt his right thigh bone snap as he twisted on it while trying to prevent his father from falling. He was taken by ambulance to Logan, Utah, where an examination by his physician disclosed that there had been a fracture of the right thigh bone.

The record discloses discrepancies in the statements of Bills concerning the incident when he was assisting his father from bed. The statements made by Bills to the insurance adjuster and to the examining physician indicate that Bills' father had fallen against him when this injury took place. Bills denies this, claiming that he was not aware that the statements said this, and that the statements were not read to him, nor did he read them himself.

Dr. Joseph Nelson of Logan, Utah, was the treating physician for both the prior and the present accidents. He testified that the prior accident had left Bills' thigh bone in a weakened condition. However, when he was questioned as to whether he had an opinion based upon a reasonable medical certainty as to the cause of the broken bone which is the subject matter of this claim, he stated that he had no opinion.

■ The referee denied Bills' claim stating that "the claimant has failed to sustain his burden of proof that the accident and injury he suffered while at work on October 3, 1972, was the cause of the injury which is the subject of this proceeding." The referee based his decision in part upon Dr. Nelson's refusal to draw a medically based conclusion as to the cause of the injury, and concluded that Bills had not met his burden of showing that the injury was work-related by a preponderance of the evidence. The referee also felt that Bills' own testimony that he felt his leg snap while aiding his father to rise from bed demonstrated that the injury was not work-related, but was caused by that non-work-related incident.

■ There is substantial, competent evidence in the record to support the finding of the commission that the industrial accident on October 3, 1972, was not the cause of Bills' broken leg, and therefore that finding is conclusive upon appeal. I.C. § 72–724(2); Bottoms v. Pioneer Irrig. Dist., 95 Idaho 487, 511 P.2d 304 (1973); Dean v. Dravo Corp., 95 Idaho 558, 511 P.2d 1334 (1973). Speculation that the thigh bone was weakened as a result of being struck by the tire iron is not proof that the tire iron caused the break. "There must be a probable not a possible connection between cause and effect to constitute a compensable accident." Darvell v. Wardner Industrial Union, 78 Idaho 309, 313, 302 P.2d 950, 952 (1956); Dean v. Dravo Corp., *supra*.

The order of the Industrial Commission is affirmed. Costs to respondents.

SHEPARD, C. J., and DONALDSON, McQUADE and McFADDEN, JJ., concur.