567 P.2d 829

Kenneth R. HATTENBURG,
Claimant-Appellant,

v.

Spencer BLANKS, dba Spirit Lake Electric, and Aetna Insurance Company, and Donald K. Moore, Defendants-Respondents.

No. 12380.

Supreme Court of Idaho.

July 6, 1977.

Robert H. Thompson, Hayden Lake, for claimant-appellant.

John W. Barrett of Moffatt, Thomas, Barrett & Blanton, Boise, for respondents Spencer Blanks dba Spirit Lake Elec. and Aetna Ins. Co.

Frank H. Powell, Coeur d'Alene, for respondent Donald K. Moore.

PER CURIAM.

During the period from February 7 to 14, 1975, claimant-appellant Kenneth Hattenburg allegedly sustained an injury compensable under Idaho's Workmen's Compensation Law. On February 3, 1976, he filed with the Industrial Commission a form entitled "Application for Hearing" which requested a hearing and an award for his injury. At the hearing, held on August 23, 1976, respondents moved to dismiss this action on the ground that appellant had failed to file a claim for compensation within one year of the accident as required by I.C. § 72–701. This appeal is from the order granting that motion.

Appellant contends that by filing his "Application for Hearing" within one year of the accident, he substantially complied with the requirement in I.C. § 72–701 that he file a claim for compensation within one year. We agree and therefore reverse the order dismissing appellant's claim.

■ Process and procedure under the Workmen's Compensation Act are designed to be as summary and simple as is reasonably possible. I.C. § 72–708. As this Court has held many times, the Act is to be construed liberally in favor of a claimant. The humane purposes which it seeks to serve leave no room for narrow, technical construction. *In re Haynes*, 95 Idaho 492, 511 P.2d 309 (1973); *Smith v. University of Idaho*, 67 Idaho 22, 170 P.2d 404 (1946).

The Act provides that an injured employee must make a claim for compensation within one year of his accident. I.C. § 72–701. The only statutory provision regarding the form of the claim, however, is the requirement that it be in writing. I.C. § 72–702. If the employer fails to pay compensation for the injury, the employee then has one year from the date of making his claim to file with the Industrial Commission an application requesting a hearing and an award. I.C. § 72–706.

In the present case, appellant filed within one year of his accident form WC-100 entitled "Application for Hearing." The fol-

**486**

lowing information was contained therein: the name and address of claimant, the names and addresses of his employers, the date and time of his injury, a description of the manner in which the injury occurred, a description of the nature and extent of his disability, the date and manner notice of the accident was given, the names and addresses of the doctors who treated the injury, the amount of medical expenses incurred, and the disputed issue regarding liability.

We believe that the completed form was sufficient to constitute both a written claim for compensation and an application for a hearing. As the Supreme Court of Kansas aptly stated, "It is difficult to imagine a writing more clearly intended as a demand for compensation than an application for a hearing on the question of compensation." *Craig v. Electrolux Corporation*, 212 Kan. 75, 510 P.2d 138, 145 (1973). From the interrogatories submitted by respondents after appellant filed his application for a hearing, it is apparent that they realized that he was demanding compensation for his injury. To hold that appellant's application for a hearing cannot also be considered a claim for compensation would be contrary to the purpose of the Workmen's Compensation Act. The whole idea is to get away from cumbersome procedures and technicalities of pleading so that, to the greatest extent possible, claims for compensation can be decided on their merits.

Accordingly, the order of the Industrial Commission is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Costs to appellant.