626 P.2d 782

Berlin B. LAMPE, Claimant-Appellant,

v.

ZAMZOW'S, INC., Employer, and Argonaut Northwest Insurance Company, Surety,

and

State of Idaho, Industrial Special Indemnity Fund, Defendants-Respondents.

No. 13192.

Supreme Court of Idaho.

April 8, 1981.

Glenn A. Coughlan of Coughlan, Coughlan & Korn, Boise, for claimant-appellant.

John W. Barrett of Moffatt, Thomas, Barrett & Blanton, James G. Reid of Reid & Morfitt, Boise, for defendants-respondents.

BISTLINE, Justice.

Claimant-appellant Berlin Lampe appeals an Industrial Commission order denying him worker's compensation benefits. We affirm.

Lampe began working at Zamzow's, Inc., in 1972, and in October of 1974 injured his back. He was rated at a permanent partial disability of 10% loss of a leg at the hip and on that basis his claim was in July of 1977 settled and approved. In settling, Lampe was also paid the sum of $1,118.39 in return for a release of his five year rights to reopen upon the event of his disability becoming more pronounced. I.C. § 72–719(1)(a).

Six months thereafter Lampe filed an entirely new claim for compensation which was predicated on allegations that he again injured his back at about 10:00 a. m. on January 16, 1978, while lifting 100 pound sacks of feed. The evidence shows that he continued to work until noon, at which time he went home for lunch and told his wife he had injured his back; that he then called Dr. Drennan and made an appointment for that evening (although Dr. Drennan stated that Lampe already had an appointment with him for treatment of an upper respiratory infection); that Lampe returned to work after lunch, but at about 4:00 he advised the office manager that he was going to see a doctor and left (a co-worker testified that he had to remind Lampe of his doctor's appointment, at which time Lampe shut down the machine and left). Although Lampe testified that he told two co-workers he had injured his back, both co-workers testified they were not so in-

formed, although Lampe did tell one of them that his back was hurting. Lampe had been told of Zamzow's policy that injuries on the job were to be reported immediately. He had complied with this policy on prior occasions.

Dr. Drennan's findings were that Lampe had spasms of the lumbar area and a six week leave of absence was advised. A note to that effect was delivered to Zamzow's. After Lampe filed a notice of injury and claim for benefits dated January 19, he was paid total temporary disability from January 16 to March 10. Benefits were terminated by letter dated July 11, 1975, giving as a reason for termination that "this occurrence is not the result of an accident or injury arising out of your employment. . . ." Lampe, an epileptic who had worked only in manual labor and has an eighth grade education, did not thereafter return to work.

Dr. Daines, who had examined claimant in 1976, subsequent to his first injury, and who examined him again in 1978, subsequent to the injury now in question, had in 1976 expressed an opinion that claimant would have continued back problems because of degenerative changes in his spine subsequent to his original back injury. Dr. Daines' opinion was that Lampe's complaints could have resulted from either an accident or degenerative changes. Other medical testimony indicated that claimant was permanently disabled, and that his condition was related to the accident he described.

The Commission found that there "was no medical evidence which established that the claimant's back problems beginning in January of 1978 were caused by trauma occurring in or about January of 1978." Hence benefits were denied on the basis that Lampe "failed to establish by a preponderance of the evidence that his back problems were due to an accident while lifting a bag of corn on January 16, 1978, or any accident occurring during the course of, or arising out of, his employment with Zamzow's." Lampe contends that the evidence does not sustain the Commission, arguing strenuously that the medical testimony, when combined with Lampe's own testimony, unequivocally establishes that Lampe did suffer an injury from an accident arising out of and in the course of his employment.[1]

It is axiomatic that this Court will not disturb findings of fact by the Industrial Commission when they are supported by competent, although conflicting, evidence. *Maez v. Thunderbird Market,* 101 Idaho 128, 609 P.2d 660 (1980); *Logsdon v. Northern*

---

1. The arguments advanced on appeal were not presented to the Industrial Commission, the controversy having been assigned to a referee who received the evidence and submitted proposed findings, conclusions and order to the Commission, pursuant to I.C. § 72–717. We were informed at oral argument that neither party saw that which the referee had prepared until after the findings were approved, confirmed and adopted by the Commission. At this point in time, Lampe did not avail himself of the provisions of I.C. § 72–718, which entitled him to move the Commission to reconsider its order, where, presumably, the argument made before this Court could have been presented to the Commission. Instead Lampe appealed, apparently believing that an appeal might prove more fruitful than an attempt to persuade the Commission that it had erred. We note there is no statutory provision allowing the parties to argue to the Commission before the Commission acts upon the referee's proposals, and we are unable to find any rules of the Commission providing for such an opportunity. We observe by contrast that I.C. § 67–5211 of the Administrative Procedure Act (which apparently is not considered applicable to Industrial Commission proceedings, *see Guillard v. Department of Employment,* 100 Idaho 647, 603 P.2d 981 (1979)) specifically does provide such an opportunity of oral argument before a final decision is entered in those instances where "a majority of the officials . . . who are to render the final decision have not heard the case or read the record. . . ."

Of course, we do not assume, nor are we asked to, that the Commission members did not read the record, although we have no indication that it was prepared until the appeal was taken. It is reasonable to wonder why the Commission itself would not want the benefit of hearing from counsel for the parties *before* passing upon the findings, conclusions and order proposed by the referee.

*Iron & Metals Co.,* 101 Idaho 74, 608 P.2d 877 (1980). There was evidence here that none of Lampe's co-workers noted anything different about his working after the alleged accident, that he failed to immediately report any accident, although he knew of Zamzow's policy requiring such reporting, and there was medical evidence that his condition could simply have been due to degenerative changes subsequent to the 1974 back injury. Although there is evidence to the contrary, there is competent evidence to support the Commission's findings.

The order of the Commission is affirmed.

BAKES, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.