656 P.2d 753

**Runyan VAN IORNS,
Claimant-Appellant,**

v.

**QUALITY ELECTRIC, INC., Employer,**

and

**Argonaut Northwest Insurance Company,
Surety, Defendants-Respondents.**

**No. 14027.**

Supreme Court of Idaho.

Jan. 6, 1983.

Petition for Review Denied Mar. 3, 1983.

William A. McCurdy, of Quane, Smith, Howard & Hull, Boise, for claimant-appellant.

John W. Barrett, of Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents.

PER CURIAM.

The claimant in this action is seeking Workmen's Compensation benefits after claiming that he injured his back in a job-related incident in July 1976, while employed by Quality Electric, Inc.

After a hearing the Industrial Commission determined that the evidence did not establish that the condition was caused by an accident in July 1976 nor did the evidence establish that the condition was caused by his work in July 1976. The claimant appealed this decision.

"It is axiomatic that this Court will not disturb findings of fact by the Industrial Commission when they are supported by competent, although conflicting, evidence." *Lampe v. Zamzow's, Inc.,* 102 Idaho 126, 127, 626 P.2d 782, 783 (1981) (citing *Maez v. Thunderbird Market,* 101 Idaho 128, 609 P.2d 660 (1980); *Logsdon v. Northern Iron & Metals Co.,* 101 Idaho 74, 608 P.2d 877 (1980)). A physician who examined the claimant stated in a deposition that rather than being a condition caused by an accident "it has been a chronic difficulty the patient has had that waxes and wains and has been probably for more than a decade." A neurologist also stated that "[t]his is most likely a problem brought on by chronic use of the arm and wearing away of the tendons attaching to the bones and muscles." Although there is evidence to the contrary there is competent evidence to support the Commission's findings.

The order of the Commission is affirmed.

Costs to respondents, no attorney fees allowed.