657 P.2d 1072

**Richard L. GREEN, Claimant-Appellant,**

v.

**COLUMBIA FOODS, INC., Employer,**

**and**

**Employers Casualty Company, Surety,
Defendants-Respondents.**

No. 13885.

Supreme Court of Idaho.

Jan. 21, 1983.

Wayne P. Fuller, of Fuller & Harris, Chartered, Caldwell, for claimant-appellant.

John W. Barrett, of Moffatt, Thomas, Barrett & Blanton, Chartered, Boise, for defendants-respondents.

SHEPARD, Justice.

This is an appeal from an order of the Industrial Commission denying claimant-appellant Green's application for workmen's compensation benefits on the basis that Green had failed to establish that his alleged disability resulted from an accident arising out of and in the course of his employment. We affirm.

The evidence before the Commission indicated that in 1976 Green, while working on a construction job for Boise Cascade, had injured his back which necessitated missing work for two weeks. In March of 1978, while working for Columbia Foods, Green was struck and knocked to the floor. A company nurse examined Green and Green then returned to his shift. The record does not demonstrate any other loss of work time. In May, 1978, Green began a period of self-employment in the construction of housing. In September, 1978, Green applied for work with Armour Food Company, stating in his application that he had never had back pain or injury to his back which prevented him from working for a day or more. In June, 1979, Green accepted construction work with M & K Construction, which continued until December, 1979. All of the aforementioned employment, dating back until at least 1976, involved strenuous physical exertion.

In December, 1979, Green began having problems with his back, and filed an application for hearing before the Industrial Commission, asserting that the back problems resulted from the 1978 injury sustained while working for Columbia. At that hearing, Green's principal witness was a doctor who had examined Green at his request. That witness testified that Green had degenerative arthritis and a narrowing of disc space. The Industrial Commission evidently viewed that witness's testimony as inconclusive on the question of whether Green's 1979 back problems were caused by the 1978 accident sustained when Green was working for Columbia or caused by the arthritis and disc space narrowing. While some language of the witness might be viewed as possibly establishing that the

1978 incident caused Green's back problems, the testimony of the doctor on cross-examination can be viewed as establishing that Green's back problems of 1979 could be related to the 1978 accident or equally related to the degenerative arthritis and to disc space narrowing.

The Commission found that the medical witness was unable to establish whether Green's back problems were caused by the 1978 accident or caused by the arthritis and disc space narrowing. The Commission then concluded that Green had failed to carry his burden of proof that his back problems were caused by the accident of 1978.

 To obtain workmen's compensation benefits, a claimant's disability must result from an injury which was caused by an accident arising out of and in the course of his employment. The claimant has the burden of proving his disability was caused by such an accident. *Tipton v. Jansson,* 91 Idaho 904, 435 P.2d 244 (1967). Medical proof must establish such causal connection by a reasonable medical probability. The medical proof must establish a probable, not merely a possible, causal connection between the accident and the disability. *Bills v. Rich Motor Company, Inc.,* 96 Idaho 259, 526 P.2d 1095 (1974).

We hold that on the evidence before the Commission its conclusion that the claimant had failed to establish causation was not erroneous and will not be overturned. This Court has many times held that in proceedings before the Industrial Commission dealing with workmen's compensation claims, the fact finding function is squarely for the particular expertise of the Commission, and this Court will not disturb findings of fact by the Industrial Commission when they are supported by competent, although conflicting, evidence. *Lampe v. Zamzow's, Inc.,* 102 Idaho 126, 626 P.2d 782 (1981); *Logsdon v. Northern Iron & Metals Co.,* 101 Idaho 74, 608 P.2d 877 (1980).

The order of the Industrial Commission is affirmed. No costs or attorney fees allowed.

DONALDSON, C.J., and BAKES, BISTLINE and HUNTLEY, JJ., concur.