658 P.2d 970

**STATE of Idaho, DEPARTMENT OF EMPLOYMENT, Plaintiff-Respondent,**

v.

**LENARD'S TRASH SERVICE, Defendant-Appellant.**

No. 14259.

Supreme Court of Idaho.

Feb. 4, 1983.

Faber F. Tway and Anton Hohler, Boise, for defendant-appellant.

Lynn E. Thomas, Sol. Gen., Carol Lynn Brassey, Roger Thomas Martindale, Deputy Attys. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

In 1976, Lenard's Trash Service, which held a contract with Garden City granting it the exclusive right to collect garbage in the City, entered into written agreements with Robert Hogue and Walter Lindsay under which Lenard's paid them to collect garbage. The agreements had been drafted by Lenard Claiborne, a layman and the president of Lenard's. In 1977, the Department of Employment ruled that the services performed by Hogue and Lindsay were covered employment under I.C. § 72–1316(d)(1). Thereafter, Claiborne retained an attorney to draft new agreements, the purpose of which was to cast Hogue and Lindsay as independent contractors in their relationship with Lenard's. Thereafter, Lenard's requested reconsideration of its tax liability. The Department of Employment obliged with a new status determination in January of 1979, again concluding that the services were performed in covered employment. This determination was upheld by the Industrial Commission, and appeal to this Court followed.

Under I.C. § 72–1316(d)(1) services performed by an individual for remuneration are considered covered employment unless it is shown:

"(A) [T]hat the worker has been and will continue to be free from control or direction in the performance of his work, both under his contract of service and in fact, and (B) [T]hat the worker is engaged in an independently established trade, occupation, profession, or business; . . . ."

The Commission's decision that Hogue's and Lindsay's services were covered employment was based upon the finding that they were not engaged in an independently established trade, occupation, profession or business.

Other than legalese wording incorporated in the new agreements, basically nothing has changed since the Commission's 1977 determination. Lenard's continues to be the lessee of and maintains the trucks and garbage receptacles which are the basic equipment of the franchise. It provides the business premises and all insurance, including health and accident insurance coverage on Hogue and Lindsay. Lenard's is responsible for the business expenses and pays Hogue and Lindsay on a weekly basis. Substantial and competent evidence supports the finding of the Commission. *Iorns v. Quality Electric, Inc.,* 104 Idaho 93, 656 P.2d 753 (1983); *Lampe v. Zamzow's, Inc.,* 102 Idaho 126, 626 P.2d 782 (1981).

The order of the Industrial Commission is *affirmed.* Costs to respondent; no attorney's fees allowed.