666 P.2d 646

Donald C. ROSS, Claimant-Respondent,

v.

Richard FIEST, Defendant-Appellant,

and

Kenneth Byers, Defendant-Respondent.

No. 14030.

Supreme Court of Idaho.

July 11, 1983.

**120**

Dale L. Luplow, Grangeville, for defendant-appellant.

Paul C. Keeton and John R. Tait, Lewiston, William J. Dee, Grangeville, for claimant-respondent.

BAKES, Justice.

This is an appeal from a determination of the Industrial Commission that defendant appellant Fiest was liable to claimant respondent Ross for workmen's compensation benefits. The sole issue presented is whether an employment relationship existed between Ross and Fiest. We reverse and remand.

Claimant Ross was injured while working as a logger with Fiest. Ross alleged, and the commission found that at the time of the injury Ross was an employee of Fiest. In his original decision, the Industrial Commission referee analyzed the facts of this case under the factors indicative of a right to control or lack thereof, as discussed in *Beutler v. MacGregor Triangle Co.*, 85 Idaho 415, 380 P.2d 1 (1963). These factors included the right to peremptorily terminate the relationship without liability, the method of payment, whether the worker had the right to hire subordinates, who furnishes major items of equipment, and whether actual control is exercised. The referee concluded:

> "Reviewing the factors above and the record as a whole, the only factor that tends to indicate that Fiest had the right to control the claimant, is the fact that Byers operated the log-dragging equipment for a few days in September. This alone is insufficient to establish an employer-employee relationship. Another result might be reached under the relative-nature-of-the-work test, Larson's Workmen's Compensation Law, Sections 43.00–45.32, but the Idaho Supreme Court has adopted the right-to-control test, *Laub v. Meyer* [70 Idaho 224, 214 P.2d 884], *supra,* and the Commission is required to follow the rule established by the Court. Therefore, the claimant's claim must be dismissed."

The Industrial Commission approved and adopted the referee's order as the decision and order of the commission. On motion for reconsideration, however, the Industrial Commission reversed the factual determination in its original decision and concluded that an employee-employer relationship had been established. This reversal was based in part on the commission's analogy of Fiest's ownership of timber cutting rights to the ownership of major items of equipment used to do the work involved.

■ However, we conclude that the commission erred in its conclusion that, Fiest's timber cutting rights were analogous to the ownership of equipment. Every principal contractor necessarily extends to a subcontractor the right to do work on the involved premises, and the principal does not thereby necessarily change the status of a subcontractor to the status of an employee. Therefore, the commission's rationale, *i.e.,* that Fiest's ownership of timber cutting rights was a factor in determining the employment status, was erroneous.

■ When erroneous evidence is considered in arriving at a factual decision, particularly where the ultimate factual issue is as close as the issue in this case, the cause should be remanded to the factfinder to reconsider the factual issue without the erroneous evidence. *See Ridgway v. Combined Ins. Co. of America,* 98 Idaho 410, 565 P.2d 1367 (1977); *Bottoms v. Pioneer Irr. Dist.,* 95 Idaho 487, 511 P.2d 304 (1973). It is apparent that the erroneously considered evidence regarding Fiest's ownership of the timber cutting rights played an important part in the commission's second factual determination. Therefore, we remand to the Industrial Commission for a redetermination of the nature of the relationship between Ross and Fiest, in accordance with the views herein expressed.

Costs to appellant. No attorney fees allowed.

DONALDSON, C.J., and BISTLINE and HUNTLEY, JJ., concur.

SHEPARD, Justice, dissenting.

I agree with parts of the majority analysis and I join in its rejection of the analogy which likens timber cutting rights to the ownership of equipment. Nonetheless, I cannot concur in the majority's conclusion remanding the matter for redetermination of the parties' relationship. That relationship has already been properly determined as one of employer-employee and that determination is within the discretion granted to the Industrial Commission.

We have consistently stated that the integrity of the commission's findings shall not be disturbed by this Court unless such findings are erroneous as a matter of law, i.e., are unsupported by clear and substantial evidence. *Green v. Columbia Foods, Inc.,* 104 Idaho 204, 657 P.2d 1072 (1983); *Blackburn v. Olson,* 69 Idaho 428, 207 P.2d 1160 (1949). *See also* I.C. § 72–732. The determination of whether an injured party is an independent contractor or an employee, for purposes of the Workmen's Compensation Law, is a factual determination to be made from full consideration of the circumstances in each case. *Anderson v. Gailey,* 97 Idaho 813, 555 P.2d 144 (1976); *Beutler v. MacGregor Triangle Co.,* 85 Idaho 415, 380 P.2d 1 (1963); *Merrill v. Duffy Reed Const. Co.,* 82 Idaho 410, 353 P.2d 657 (1960). Here, the parties do not dispute the essential facts as found by the commission. Those factual findings are based on substantial, convincing evidence. I would affirm the commission's finding that an employment relationship exists on these facts, and I therefore dissent from the Court's holding.

As stated by the majority, the commission granted Ross's motion for reconsideration and reversed itself, concluding on the basis of the right to control that Ross was an employee of Fiest. In its "Findings of Fact on Reconsideration," the commission stated:

"The Commission has considered the various factors which tend to show a right to control, or lack thereof, and has concluded that there are two factors which outweigh the others and establish the right to control in this case:

"1) Fiest owned the rights to the timber that was being cut; and

"2) *The claimant and Byers both looked to Fiest for direction.*" (Emphasis added.)

Thus, the commission, in determining the existence of an employment relationship, relied only in part upon the ownership of the timber rights—and even then, it considered such timber cutting rights as but one factor going to the question of a right to control. Certainly, there was ample evidence, aside from the timber cutting rights, which militated toward characterizing Fiest as an employer of Ross. When one looks closely at the facts as found by the referee and adopted by the commission, one must agree that an employment status is not only adequately, but substantially, demonstrated.

Since the majority gives only an abridged version of the facts, an expanded version is necessary. During the spring of 1979, Fiest discussed with Kenneth Byers the possibility of working together on certain logging contracts. Fiest was a tractor operator, while Byers did sawing and falling. The two men decided to cooperate by exchanging services and complementing each other's skills on various jobs. Ross and Byers lived in a trailer house, to which Fiest came to enlist Byers as a sawyer. Fiest offered and Byers agreed to accept $20 per thousand board feet sawed and delivered to the mill. Fiest testified that he intended to hire only Byers. But others present, including Ross, Byers, and Byers' daughter, all believed that Fiest was hiring both Byers and Ross. Byers and Fiest each testified that there was discussion regarding workers' compensation and that Fiest stated that he could not afford to take out such insurance coverage. Fiest did not purchase workers' compensation insurance. No written contract setting forth an employment arrangement or a subcontract arrangement was executed by the parties.

When Byers and Ross both showed up to work the following morning, Fiest did not

question Ross's presence or ask under what arrangement Ross purported to be working. Instead, Fiest drove both men to the logging site in Fiest's truck, took each to a separate strip of land, and instructed each on how to log the trees. Byers and Ross then set to work.

Thereafter, Byers and Ross moved their trailer onto Fiest's land and Fiest paid the electricity and utilities for the trailer home. Fiest set the time for starting and stopping work, and the men met each morning and rode to the logging site in Fiest's truck. During the time that Ross worked prior to his injury, he used his own chain saw, but Fiest supplied oil, gas and the chains. Initially, Fiest kept the logs in separate stacks as they were cut by Byers and Ross, but after three days, Byers and Ross decided to merely split the logs 50/50. Fiest worked closely with the men, assigning their respective work areas and skidding the cut logs to the landing. Fiest did not assign the men the specific tasks of sawing, falling and bucking the logs, but those duties were rotated. After a few days, the work was changed from cutting the logs into specific lengths to skidding the logs to the landing in full tree lengths. Although Ross contended that that change was at the order of Fiest, the commission found that all three men participated in that decision.

From these facts, the right to control which is required for an employer-employee relationship is reasonably found. All of the major incidentals of employment were controlled by, or within the control of, Fiest, including the men's starting and stopping time, the number of working hours, transportation to the site, supplying of certain equipment, the right to set log lengths, and the general method of completing the work.

While it may be true that Fiest did not exercise *actual* control over each essential aspect of Ross's work, it is enough that Fiest retained the right to do so. The ultimate question in finding an employment relationship is not the fact of actual control, but the existence of the potential or the right to exercise control over the worker. *Taylor v. Blackwell Lumber Co.,* 37 Idaho 707, 218 P. 356 (1922). Such a right to control is determinative of the difference between an employer and an independent contractor. Whereas an independent contractor, in rendering services, exercises an independent occupation and reports to the principal contractor only as to the results of his work, an employee is subject to supervision as to each stage of the job and may be discharged at any time. *Ledesma v. Bergeson,* 99 Idaho 555, 585 P.2d 965 (1978); *Pinson v. Minidoka Highway Dist.,* 61 Idaho 731, 106 P.2d 1020 (1940); *E.T. Chapin Co. v. Scott,* 44 Idaho 566, 260 P. 172 (1927).[1] Clearly, the working arrangement here was one of consistent, immediate supervision; it cannot be said that Ross was expected to report to Fiest only as to the *results* of his sawing. Therefore, the parties were unquestionably on an employment footing with each other. And while it may be true that Fiest did not stand over Ross and Byers and check each trifling detail of their progress, the commission specifically found that, because claimant Ross and Byers were

---

1. This distinction between employment and independent contracting has been codified in I.C. § 72–102 as follows:

"72–102

\* \* \* \* \* \*

"(9) 'Employee' is synonymous with 'workman' and means any person who has entered into the employment of, or who works under contract of service or apprenticeship with, an employer ...

\* \* \* \* \* \*

"(10) 'Employer' means any person who has expressly *or impliedly hired or contracted the services of another.* It includes contractors and subcontractors. It includes the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed. If the employer is secured, it means his surety so far as applicable.

\* \* \* \* \* \*

"(13) 'Independent contractor' means any person who renders service for a specified recompense for a specified result, under the right to control or actual control of his principal as to the result of his work only and not as to the means by which such result is accomplished." (Emphasis added.)

experienced loggers, it was not necessary for Fiest to keep a close watch over them. The only factor with which we need concern ourselves, in affirming that an employment relationship existed here, is that Fiest had the *right* to control and supervise; because he retained such a right, he is to be seen as an employer of Ross.

Although the parties are alleged to have agreed to forego or to ignore the workers' compensation law, such an agreement is unenforceable as violative both of public policy and of the legislative requirement of strict adherence to the specific provisions of the workers' compensation law. *Heese v. A & T Trucking,* 102 Idaho 598, 635 P.2d 962 (1981). *See also* I.C. § 72–318. We have consistently held, and should observe here, that the workers' compensation law is to be construed liberally in favor of the worker, with a view toward effecting its twin objects of relieving injured wage earners and their families and of promoting justice. *Hattenburg v. Blanks,* 98 Idaho 485, 567 P.2d 829 (1977); *In re Haynes,* 95 Idaho 492, 511 P.2d 309 (1973); *Smith v. University of Idaho,* 67 Idaho 22, 170 P.2d 404 (1946). In light of such policies, and in light of the commission's discretion to weigh the evidence, the award to Ross should be affirmed.

Where a decision made by a lower tribunal is correct, albeit arguably based on incorrect reasoning, we will affirm that holding on the correct theory. *Lowe v. Lym,* 103 Idaho 259, 646 P.2d 1030 (1982); *Idaho Falls Consol. Hospitals, Inc. v. Bingham County Bd. of County Com'rs,* 102 Idaho 838, 642 P.2d 553 (1982); *Saulls v. Employment Sec. Agency,* 85 Idaho 212, 377 P.2d 789 (1963). Here, the finding by the Industrial Commission is not only well-substantiated by the evidence and findings contained in the record, but is justified under the right to control test. The commission's holding is based on clear and substantial evidence, independent of the one ground disapproved by the Court today. The decision of the commission should be affirmed.