754 P.2d 444

**In the Matter of: Patrice Robin Lynne HANSON, Deceased.**

**Harold Albert HANSON and Jesse Taylor Hanson, Claimant-appellants,**

v.

**BCB, INC., dba Hide–Out Saloon, Employer,**

and

**State Insurance Fund, Surety, Defendant-respondents.**

No. 16942.

Supreme Court of Idaho.

April 22, 1988.

Smith & Peart, Fruitland, for appellants. James C. Peart, argued.

M. Karl Shurtliff, Boise, for respondents.

BAKES, Justice.

The appellants, Harold and Jesse Hanson, are husband and child of the deceased Patrice Hanson. Patrice Hanson (Hanson) was shot and killed in the parking lot while leaving the Hide–Out Saloon (saloon) where she had been performing as an exotic dancer. Appellants appeal a decision of the Industrial Commission (commission) which found that Patrice Hanson was an independent contractor and not an employee of the Hide–Out Saloon and thus not covered by the Workmen's Compensation Law. We reverse and remand.

Hanson began dancing at the saloon after answering an ad in the Idaho Statesman and passing an audition with the owner. There was no written employment contract. Hanson was paid no wages as such. Her compensation was based entirely on a share of the cover charge (all of which was divided solely among the dancers), tips, and one free drink per night. The saloon supplied the music for the performances. The dancers supplied their own costumes. The saloon received no part of the cover charge or tips. The dancers did not report the amount of their earnings to the bar, and there was no arrangement for withholding any taxes or other withholdings from their earnings.

The testimony before the commission regarding the scheduling of dancing was conflicting. Hanson's husband testified that the deceased danced three to five nights per week at the discretion of the owner. The owner, on the other hand, testified that there was a calendar in the dressing room, and the dancers put their names on the days they wanted to perform; she then transferred this information onto a separate sheet of paper and posted it on the jukebox. The owner also testified that the deceased usually danced three nights a week at the bar and that she frequently came in later than 4:00 p.m., the usual starting time, and went home before 1:00 a.m., the quitting time. According to the owner, 4:00 p.m. was the suggested starting time because that was when the cover charge was in effect and the bouncer was on duty.

Both the deceased's husband and the owner testified that employees were not disciplined for failure to report to work. There was testimony that if dancers did not want to work on a night for which they had signed up, they could obtain their own substitute. Also, if a dancer was scheduled to dance, but never showed up, the owner would call one of the others to obtain a substitute, but the other dancer was not obligated to substitute if she did not want to.

The owner required dancers to wear pantyhose to ensure compliance with the Idaho Code and reserved the right to fire noncomplying dancers.

Although the commission found some indicia of an employer/employee relationship, the commission ultimately determined that the preponderance of the evidence indicated that Hanson and the saloon had an independent contractor/principal relationship. The commission applied the "right to control" test as required by this Court's decision in *Ledesma v. Bergeson*, 99 Idaho 555, 585 P.2d 965 (1978). The commission reasoned from the facts that Hanson was an independent contractor because (1) the saloon "did not assume the right to exercise direction and control over the time, manner, method and details of work performed by Deceased"; (2) the dancers chose their own days and hours of work; (3) the dancers supplied the major items of equipment (*i.e.,* their costumes and their bodies); (4) the method of pay was consistent with that of an independent contractor. On balance, the commission found that Mrs. Hanson was not an employee, and that therefore the claimants were not entitled to benefits.

On appeal the main issue is whether the Industrial Commission's finding that Hanson was an independent contractor is sup-

ported by substantial evidence in the record.[1] This Court's ability to review factual questions is limited. "Our review of the decisions of the Industrial Commission is limited by Article 5, § 9 of the Idaho Constitution to questions of law and to determination [of] whether the commission's findings are supported by substantial and competent evidence." *Cahala v. OK Tire Store,* 112 Idaho 1020, 1021, 739 P.2d 319, 320 (1987); *Parker v. St. Maries Plywood,* 101 Idaho 415, 419, 614 P.2d 955, 959 (1980), *citing* Idaho Const. Art. 5, § 9; *Booth v. City of Burley,* 99 Idaho 229, 580 P.2d 75 (1978).

The commission correctly acknowledged that, "The determination of whether an injured party is an independent contractor or an employee is a factual determination to be made from full consideration of the facts and circumstances established by the evidence," *Burdick v. Thornton,* 109 Idaho 869, 871, 712 P.2d 570, 572 (1985); *Burns v. Nyberg,* 108 Idaho 151, 697 P.2d 1165 (1985) (Bistline, J., dissenting), *quoting Ledesma v. Bergeson,* 99 Idaho 555, 585 P.2d 965 (1978), and that, "The ultimate question in finding an employment relationship is whether the employer assumes the right to control the time, manner and method of executing the work of the employee, as distinguished from the right merely to require certain definite results in conformity with their agreement." *Burdick v. Thornton, supra* at 871, 712 P.2d at 572; *Ledesma v. Bergeson, supra* at 558, 585 P.2d at 968; *see also* I.C. § 72–102(9), (13). The commission also correctly held that, "Four factors are traditionally used in determining whether a 'right to control' exists, including, (1) direct evidence of the right; (2) the method of payment; (3) furnishing major items of equipment; and (4) the right to terminate the employment relationship at

will and without liability." *Burdick v. Thornton, supra* at 871, 712 P.2d at 572. Finally, the commission acknowledged that when a doubt exists as to whether an individual is an employee or an independent contractor under the worker's compensation act, the act must be given a liberal construction in favor of finding the relationship of employer and employee. *Fitzen v. Cream Top Dairy,* 73 Idaho 210, 249 P.2d 806 (1952).

Larson has explained in *Workmen's Compensation Law* that:

"§ 44.00  The traditional test of the employer-employee relation is the right of the employer to control the details of the work. It is the ultimate right of control, under the agreement with the employee, not the overt exercise of that right, which is decisive. If the right of control of details goes no further than is necessary to ensure a satisfactory end result, it does not establish employment. The principal factors showing right of control are (1) direct evidence of right or exercise of control; (2) method of payment; (3) the furnishing of equipment; and (4) the right to fire." Larson, *Workmen's Compensation Law* § 44.00 (emphasis deleted).

"[T]he right to control the details of the work is most often an inference from these and other tangible facts, rather than a solid fact in itself." *Id.,* § 44.00. The weight to be given any one of these factors must, of necessity, vary with the specific circumstances of any individual case. None of these elements in and of itself is controlling. Although it was essential that the commission look at all relevant facts in light of these four elements, the commission was not required to find facts meeting each element.

---

1. Appellants' appeal is based primarily on the allegation that the factual record does not support the commission's findings. They also argue that this Court should adopt a different test, the "nature of the work" test as described in 1B Larson, Workmen's Compensation Law § 45.10. That test involves an analysis of two factors: (1) whether the work being done is an integral part of the regular business of the employer, and (2) whether the worker, relative to the particular employer, furnishes an independent business or professional service. However, the "right to control" test is supported by a long line of Idaho decisions, *infra,* and we decline the invitation to overrule such a well established line of precedent. Furthermore, the factors to be considered in the "right to control" test, as adopted by this Court in *Ledesma v. Bergeson, supra,* encompass much the same factors which would be considered in the "nature of the work" test.

Nevertheless, in this case we conclude that the commission erroneously applied the third factor in the "right to control" test, i.e., the furnishing of major items of equipment. The commission accepted the referee's finding that "the dancers supplied the major items of equipment (i.e., their bodies, skills and costuming)." However, in a case involving personal services, in deciding whether or not the worker is an employee or an independent contractor, the worker's body is not a major item of equipment within the meaning of the third element of the "right to control" test. Major items of equipment include such things as tools, machinery, special clothing, parts, and other similar items necessary for the worker to accomplish the task to be performed. For example, a plumber, hired to perform plumbing repairs on a building, usually brings the tools, the parts, and often special equipment in the form of augers, pipe cutters and threaders, etc., in order to perform the service. Those are the sorts of items which constitute the "major items of equipment" under the third element of the right to control test. The fact that the plumber also supplies the body doing the work is true whether he is acting as an employee or as an independent contractor. Accordingly, we think the referee's finding, adopted by the commission, placing emphasis on the fact that the dancers' bodies were "major items of equipment" was an erroneous application of the test.

The commission's decision in this case is not unlike the case of *Ross v. Fiest*, 105 Idaho 119, 666 P.2d 646 (1983), where the Industrial Commission, conversely, found that a worker was an employee rather than an independent contractor because the ownership of timber cutting rights by a person who hired a sawyer to cut the timber was analogous to the ownership of major items of equipment for the purpose of the third factor in the "right to control" test. In remanding that case to the commission, we stated:

"[T]he commission erred in its conclusion that, Fiest's timber cutting rights were analogous to the ownership of equipment. Every principal contractor neces-

sarily extends to a subcontractor the right to do work on the involved premises, and the principal does not thereby necessarily change the status of a subcontractor to the status of an employee. Therefore, the commission's rationale, i.e., that Fiest's ownership of timber cutting rights was a factor in determining the employment status, was erroneous." 105 Idaho at 120, 666 P.2d at 647.

Conversely, in this case, the worker's body could not be considered the "furnishing of major items of equipment" within the meaning of the test. Rather, for the purposes of this test, the commission should be looking at items such as tools, machinery, parts, special clothing (such as costumes, which the dancers provided for themselves), etc.

In *Ross* we held that:

"When erroneous evidence is considered in arriving at a factual decision, particularly where the ultimate factual issue is as close as the issue in this case, the cause should be remanded to the factfinder to reconsider the factual issue without the erroneous evidence." 105 Idaho at 120, 666 P.2d at 647.

As in *Ross*, we conclude that this matter should be remanded to the Industrial Commission to reconsider its factual findings and conclusions without considering Hanson's body as a "major item of equipment" provided by her. We re-emphasize that while the commission must consider all of the four elements of the "right to control" test, none of these elements in and of itself is controlling and, indeed, one or more of the four may not be met on the facts of any given case. Rather, the commission must balance each of the elements present to determine the relative weight and importance of each. The commission should then make its determination of whether or not, considering all of the facts and circumstances in the case, Hanson was an employee or an independent contractor.

Reversed and remanded for further findings consistent with this opinion. Costs to appellant. No attorney fees on appeal.

BISTLINE and HUNTLEY, JJ., concur.

WARD, J., Pro Tem., sat but did not participate due to his untimely death.

McFADDEN, Justice, dissenting:

I dissent as to the majority's decision to overrule the Industrial Commission's decision which was supported by substantial competent evidence. The majority states, "In a case involving personal services in deciding whether or not the worker is an employee or an independent contractor, the worker's body is not a major item of equipment within the meaning of the test." Such reasoning is ludicrous when applied to an exotic dancer's body when she is engaged in her dancing before the patrons of a saloon as in this case, and as found by the commission. The commission correctly weighed the conflicting evidence, balancing the indicia of an employer/employee relationship against the stronger evidence of independent contractor/principal relationship. The commission's ultimate determination that the preponderance of the evidence indicated that Hanson and the saloon had an independent contractor/principal relationship was supported by substantial competent evidence and based upon a correct legal basis. The commission applied the "right to control" test as required by this Court's decision in *Ledesma v. Bergeson*, 99 Idaho 555, 585 P.2d 965 (1978). The commission reasoned from the facts that Hanson was an independent contractor because (1) the saloon "did not assume the right to exercise direction and control over the time, manner, method and details of work performed by Deceased"; (2) the dancers chose their own days and hours of work; (3) the dancers supplied the major items of equipment (*i.e.*, their costumes and their bodies); (4) the method of pay was consistent with that of an independent contractor. On balance, the commission found that Mrs. Hanson was not an employee, and that therefore the claimants were not entitled to benefits.

On appeal the main issue is whether the Industrial Commission's finding that Hanson was an independent contractor is sup-

ported by substantial evidence in the record. This Court's authority to review factual questions is limited. "Our review of the decisions of the Industrial Commission is limited by Article 5, § 9 of the Idaho Constitution to questions of law and to determination [of] whether the commission's findings are supported by substantial and competent evidence." *Cahala v. OK Tire Store*, 112 Idaho 1020, 1021, 739 P.2d 319, 320 (1987); *Parker v. St. Maries Plywood*, 101 Idaho 415, 419, 614 P.2d 955, 959 (1980), *citing* Idaho Const. Art. 5, § 9; *Booth v. City of Burley*, 99 Idaho 229, 580 P.2d 75 (1978).

"The determination of whether an injured party is an independent contractor or an employee is a factual determination to be made from full consideration of the facts and circumstances established by the evidence," *Burdick v. Thornton*, 109 Idaho 869, 871, 712 P.2d 570, 572 (1985); *Burns v. Nyberg*, 108 Idaho 151, 697 P.2d 1165 (1985) (Bistline, J., dissenting), *quoting Ledesma v. Bergeson*, 99 Idaho 555, 585 P.2d 965 (1978). Thus, we are limited in this case to reviewing the record to determine whether the commission's factual determination is supported by substantial and competent evidence.

"The ultimate question in finding an employment relationship is whether the employer assumes the right to control the time, manner and method of executing the work of the employee, as distinguished from the right merely to require certain definite results in conformity with their agreement." *Burdick v. Thornton, supra* 109 Idaho at 871, 712 P.2d at 572; *Ledesma v. Bergeson, supra* 99 Idaho at 558, 585 P.2d at 968; *see also* I.C. § 72–102(9), (13). "Four factors are traditionally used in determining whether a 'right to control' exists, including, (1) direct evidence of the right; (2) the method of payment; (3) furnishing major items of equipment; and (4) the right to terminate the employment relationship at will and without liability." *Burdick v. Thornton, supra* 109 Idaho at 871, 712 P.2d at 572.

Although the evidence produced before the Industrial Commission was conflicting,

**136**

substantial competent evidence did exist to support the commission's finding that Hanson was not an employee. The evidence supporting the finding is summarized as follows: (1) that the dancers' compensation was based entirely on an equal share of the moneys received as a cover charge on the evenings they danced and an equal share of the tips from the customers. The bar received no percentage of the cover charge or tips and made no direct payments to the dancers. (2) The dancers did not report their earnings to the saloon, and there was no provision for withholding any taxes, Social Security or other items; (3) the dancers selected their own musical numbers to which they would dance; (4) the dancers worked from three to five nights per week at their discretion; (5) the dancers were not disciplined for failing to appear or for refusing to fill in for other dancers who had cancelled or failed to report.

As recognized by the commission, there was conflicting evidence in the record. Indicia of both an employer/employee and independent contractor/principal were present. However, the commission applied the *Ledesma* and *Burdick* cases, and the commission's factual findings are supported by substantial competent evidence. The facts recited above support the commission's conclusions (1) that the saloon exerted minimal (if any) control over the dancers, (2) that the method that the dancers received compensation was not consistent with any employer/employee relationship, and (3) that "the dancers supplied the major items of equipment (*i.e.*, their bodies, skills and costuming). The commission's findings are supported by substantial competent evidence, and the order should be affirmed.